Filed 9/4/15  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067067 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN319699) |
| CHRISTOPHER FLORES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this criminal case, appointed appellate counsel has filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We gave defendant and appellant

Christopher Flores an opportunity to file a brief on his own behalf, and he has done so. After independently reviewing the record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

## FACTUAL AND PROCEDRUAL BACKGROUND

Flores was charged with and convicted, by a jury, of attempted premeditated murder (Pen. Code,[1] §§ 664/187, 189); the jury also found true gun use and criminal street gang enhancements (§§ 12022.53, subds. (b) & (c), 12022.5, subd. (a), 186.22, subd. (b)(1)). In a bifurcated proceeding, the trial judge found Flores had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12) and sentenced him to a term of 30 years to life on the attempted premeditated murder conviction and a consecutive 20-year term on the gun use enhancement. Although Flores was also convicted of assault with a firearm (§ 245, subd. (a)(2)), sentence on that crime, and the remaining street gang and gun use enhancements, was imposed and stayed; with respect to Flores's additional conviction of resisting arrest (§ 148, subd. (a)(1)), a misdemeanor, his sentence was deemed served.

The judgment of conviction grew out of Flores's attempt to kill a former gang member, Louis Cervantes. In January 2013, Cervantes was shot and seriously injured by a third gang member, and testified against his assailant. Following his testimony, Cervantes was relocated to another community.

Later, in May 2013, after Cervantes had violated the terms of his relocation agreement with prosecutors and returned to his old neighborhood, Flores confronted

---

[1]     All further statutory references are to the Penal Code.

2

Cervantes in front of Cervantes's grandparents' trailer, pulled out a chrome revolver, and as Cervantes attempted to flee, fired the revolver at Cervantes. The shot missed Cervantes but hit a mirror on the truck near where Cervantes was attempting to hide. Cervantes was able to identify Flores in a photo array, along with another gang member who had threatened him earlier in the evening.

As we have indicated, appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel has presented no argument for reversal and has invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Nonetheless, counsel has identified a number of potential issues; we find that none of them have merit.[2]

As we have also indicated, we have given Flores leave to file a supplemental brief and he has done so. His principal concern is his belief that the trial judge who presided over his trial will determine his appeal and be biased against him; his belief is, of course, mistaken and may grow out of reference to the trial judge in the caption of the brief counsel filed on his behalf. In any event, his appeal has been reviewed by a panel of justices of the Court of Appeal and his trial judge has not participated in any manner in disposition of his appeal.

---

[2] The issues identified by counsel are: 1) the trial court's failure to bifurcate the trial of the substantive offenses and the gang enhancements; 2) the admission of gang-related evidence; 3) the sufficiency of the evidence of attempted premeditated murder; 3) denial of Flores's motion for new trial; 4) denial of Flores's motion to strike his prior juvenile strike adjudication; 5) ordering restitution for hotel expenses Cervantes incurred following the shooting. Our review of the record shows that none of these issues has arguable merit.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue. Flores has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McINTYRE, J.